UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRAYAN ALDAIR ALBARRACIN-
PUERTA,

          Petitioner,

v.

KRISTI NOEM et al.,

          Respondents.

_____/

Case No. 1:26-cv-189

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

Petitioner initiated this action on January 17, 2026. (Pet., ECF No. 1.) In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.81.)

In an order entered on January 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on January 30, 2026, (ECF No. 5), and Petitioner filed his reply on February 4, 2026, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 1-2, PageID.88.) Petitioner entered the United States near Brownsville, Texas on or about December 29, 2023. (Declaration of Ryan Serevitch, ECF No. 5-1, PageID.116.) On October 21, 2025, an immigration judge in the Detroit, Michigan Immigration Court ordered Petitioner's removal from the United States, but granted Petitioner withholding of removal to Venezuela. (*Id.*, PageID.117–118.) Petitioner reserved his right to appeal that decision, but he did not file an appeal by the November 20, 2025, deadline. (*Id.*, PageID.118.) The removal order became administratively final on that date. (Resp., ECF No. 5, PageID.109.) Respondents report that they are pursuing "coordination for third country removal to Mexico." (*Id.*, PageID.108.) Petitioner's detention at North Lake continues.

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Resp., ECF No. 5, PageID.109; Reply, ECF No. 6,

PageID.126.) However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (Reply, ECF No. 6, PageID.126.) Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Resp., ECF No. 5, Page 109–111.)

The 90-day removal period expired February 18, 2026.[1] In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, because Petitioner is within the six-month presumptively reasonable period of detention as addressed by the Supreme Court in *Zadvydas*, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice.[2]

---

[1] As the Supreme Court explained in *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021):

> Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U. S. C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. § 1231(a)(1)(B). During the removal period, detention is mandatory. § 1231(a)(2).

*Johnson*, 594 U.S. at 528.

[2] "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing *Zadvydas*, 533 U.S. at 699–701). That is, during the six-month period, "[t]he presumption of reasonableness is the default, but if a person 'can prove'

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:  February 25, 2026                          /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge

---

that his removal is not reasonably foreseeable, then he can overcome that presumption," which means that "before the six-month period elapses, the government bears no burden to justify detention, and the petitioner must claim and *prove*[] that his removal is not reasonably foreseeable." *Id.* at 397 (citations omitted). Based on the information currently before the Court, the Court does not find that Petitioner has proven that his removal is not reasonably foreseeable.